# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 22, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2219

| | |
|---|---|
| GERALD A. JUDGE and DAVID KINDLER, | Appeal from the United States District Court for the Northern District of Illinois |
| *Plaintiffs-Appellants*, | |
| *v.* | No. 09 C 1231 |
| PATRICK J. QUINN, Governor of the State of Illinois, and ROLAND W. BURRIS, U.S. Senator, | John F. Grady, *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

On June 28, 2010, Defendant-Appellee Patrick J. Quinn filed a "Motion to Amend Opinion or, in the Alternative, Petition for Rehearing *En Banc*, of Defendant-Appellee Patrick J. Quinn, Governor of the State of Illinois." As ordered by the court, Plaintiffs-Appellants filed their response to that motion on July 7, 2010. The court construes the motion as a petition for rehearing or rehearing *en banc.*

On consideration of the petition, so understood, all of the judges on the original panel have voted to deny rehearing, and no judge in active service has requested a vote on the

petition for rehearing *en banc*. It is therefore ORDERED that the petition for rehearing *en banc* is DENIED.

It is further ORDERED that the opinion of the court is revised as follows. On page 38, line 19, the following language is deleted:

> However Illinois conducts its election for the vacancy, the replacement senator presumably would present his or her credentials to the Senate and take office immediately, while the senator elected to begin service with the 112th Congress would not take office until January 3, 2011.

In its place, the following two new paragraphs are added:

> The district court has the power to order the state to take steps to bring its election procedures into compliance with rights guaranteed by the federal Constitution, even if the order requires the state to disregard provisions of state law that otherwise might ordinarily apply to cause delay or prevent action entirely. It is elementary that the Seventeenth Amendment's requirement that a state governor issue a writ of election to guarantee that a vacancy in the state's senate delegation is filled by an election is an aspect of the supreme law of the land. U.S. CONST. art VI, cl. 2. To the extent that Illinois law makes compliance with a provision of the federal Constitution difficult or impossible, it is Illinois law that must yield. See *Rice v. Cayetano,* 528 U.S. 495 (2000) (holding that state-law rules governing elections of trustees to the Office of Hawaiian Affairs violated the Fifteenth Amendment); *Dunn v. Blumstein,* 405 U.S. 330 (1972) (striking down state-law durational residency requirements as unconstitutional under the Fourteenth Amendment); *Harper v. Virginia Bd. of Elections,* 383 U.S. 663 (1966) (holding that state-law poll taxes violated the Fourteenth Amendment).

> However Illinois conducts its election for the vacancy, the state should endeavor to certify the results of that election as soon as possible, so that the replacement senator may present his or her credentials to the Senate and take office promptly. The senator elected to begin service with the 112th Congress will take office as the Constitution provides on January 3, 2011. U.S. CONST. amend. XX, sec. 1.

In all other respects, the petition for rehearing is DENIED.