ACCEPTED
03-14-00805-CV
6270225
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/29/2015 11:19:01 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00805-CV

# In the Court of Appeals for the Third Judicial District Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/29/2015 11:19:01 AM
JEFFREY D. KYLE
Clerk

_____

**Devvy Kidd,**
Appellant,

**v.**

**Carlos Cascos, Texas Secretary of State,**
Appellee.

_____

On Appeal from the 53rd Judicial District Court, Travis County
Trial Court Cause No. D-1-GN-14-003900

_____

## APPELLEE'S BRIEF
_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and Charitable
Trusts Division

ADAM N. BITTER
Assistant Attorney General
Texas Bar No. 24085070

OFFICE OF THE
ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Phone (512) 936-2422
Fax (512) 477-2348

*adam.bitter@texasattorneygeneral.gov*
ATTORNEYS FOR APPELLEE

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Appellee adopts Appellant's Identity of Parties and Counsel, with the following clarification regarding the name of the Appellee:

| | |
|---|---|
| **Appellee:** | CARLOS CASCOS, TEXAS SECRETARY OF STATE (formerly Nandita Berry) |
| **Counsel for Appellee:**<br>(trial and appellate) | ADAM N. BITTER<br>Assistant Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>State Bar No. 24085070 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................i

TABLE OF CONTENTS ...................................................................................ii

INDEX OF AUTHORITIES .............................................................................iii

STATEMENT OF THE CASE .......................................................................... v

STATEMENT REGARDING ORAL ARGUMENT ...................................... v

ISSUE PRESENTED ....................................................................................... vi

BRIEF.............................................................................................................. 1

STATEMENT OF FACTS ............................................................................... 2

     I.      CONSTITUTIONAL BACKGROUND ................................................. 2

     II.     PROCEDURAL HISTORY ................................................................ 4

SUMMARY OF THE ARGUMENT............................................................... 5

STANDARD OF REVIEW.............................................................................. 5

ARGUMENT ................................................................................................... 6

     I.      THE SEVENTEENTH AMENDMENT IS SETTLED LAW. ............ 6

     II.     COURTS HAVE REPEATEDLY REJECTED CHALLENGES TO THE VALIDITY OF THE SEVENTEENTH AMENDMENT... 9

     III.    KIDD'S PETITION WAS PROPERLY DISMISSED UNDER RULE 91A........................................................................................... 10

PRAYER ........................................................................................................ 12

CERTIFICATE OF COMPLIANCE ............................................................ 13

CERTIFICATE OF SERVICE ...................................................................... 13

# INDEX OF AUTHORITIES

## Cases

*Adams v. Clinton,*
  90 F. Supp. 2d 35 (D.D.C.), *aff'd,*
  531 U.S. 941 (2000)................................................................................................ 9

*Anderson v. Cal. Republican Party,*
  No. C-91-2091 MHP, 1991 WL 472928 (N.D. Cal. Nov. 26, 1991),
  *aff'd sub nom. Anderson v. Davis*, 977 F.2d 587 (9th Cir. 1992) ......................... 10

*Arizona v. Inter Tribal Council of Ariz., Inc.,*
  133 S. Ct. 2247 (2013)........................................................................................... 8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................................... 6, 11

*City of Austin v. Liberty Mut. Ins.,*
  431 S.W.3d 817 (Tex. App.—Austin 2014, no pet.)............................................ 6

*Garcia v. San Antonio Metro. Transit Auth.,*
  469 U.S. 528 (1985)............................................................................................... 8

*Go Daddy.com, LLC v. Toups,*
  429 S.W.3d 752 (Tex. App.—Beaumont 2014, pet. denied) ........................... 5, 6

*Gray v. Sanders,*
  372 U.S. 368 (1963)............................................................................................... 7

*Judge v. Quinn,*
  612 F.3d 537 (7th Cir.), *amended on denial of rehearing,*
  387 F. App'x 629 (7th Cir. 2010) ........................................................................ 9

*Leser v. Garnett,*
  258 U.S. 130 (1922)............................................................................................... 8

*Nietzke v. Williams,*
  490 U.S. 319 (1989)............................................................................................... 6

*Reynolds v. Sims,*
  377 U.S. 533 (1964)............................................................................................... 7

*Tashjian v. Republican Party of Conn.,*
  479 U.S. 208 (1986)............................................................................................... 7

*Trohimovich v. Comm'r,*
  77 T.C. 252 (1981)............................................................................................... 10

*Trohimovich v. Dep't of Labor & Indus.,*
  869 P.2d 95 (Wash. Ct. App. 1994)................................................................... 10

*Tullier v. Giordano,*
  265 F.2d 1 (5th Cir. 1959) ................................................................................... 9

*U.S. Term Limits, Inc. v. Thornton,*
  514 U.S. 779 (1995)............................................................................................... 7

*United States v. Carrier,*
  944 F.2d 910 (9th Cir. 1991)................................................................................ 9

*United States v. Sluk,*
   No. M-18-304, 1979 WL 1474 (S.D.N.Y. Oct. 2, 1979) .......................................... 9, 10
*United States v. Stahl,*
   792 F.2d 1438 (9th Cir. 1986) .................................................................................. 8
*United States v. Thomas,*
   788 F.2d 1250 (7th Cir. 1986) ................................................................................. 8

**Constitutions**
U.S. CONST. amend. XVII, para. 1 .................................................................................. 2
U.S. CONST. amend. XVII, para. 2 .................................................................................. 2
U.S. CONST. art. I, § 3, cl. 1, *amended by* U.S. CONST. amend. XVII ........................... 2, 3
U.S. CONST. art. V ....................................................................................................... 2, 3, 7
U.S. CONST. art. VI, cl. 2 .............................................................................................. 2, 7

**Rules**
FED. R. CIV. P. 12(b)(6) ................................................................................................ 6
TEX. R. APP. P. 7.2(a) ................................................................................................... 4
TEX. R. CIV. P. 91a.1 ................................................................................................. 6, 11
TEX. R. CIV. P. 91a.6 .................................................................................................... 6

**Statutes**
Act of April 20, 1818, ch. 80, § 2, Rev. Stat. § 205 (2d ed. 1878) (current version,
   as amended, at 1 U.S.C. § 106b (2012)) ................................................................. 3

**Other Authorities**
47 Cong. Rec. 1925 (1911) ........................................................................................... 3
48 Cong. Rec. 6367 (1912) ........................................................................................... 3
Certification of U.S. Secretary of State William Jennings Bryan, May 31, 1913,
   38 Stat. 2049 ......................................................................................................... 3, 4
Kenneth R. Thomas et al., *The Constitution of the United States of America: Analysis and
Interpretation*, S. Doc. No. 112-9 (2014) .................................................................. 3, 4
Zachary D. Clopton & Steven E. Art, *The Meaning of the Seventeenth Amendment and a
Century of State Defiance*, 107 Nw. U. L. Rev. 1181 (2013) ................................... 3, 4

## STATEMENT OF THE CASE

*Nature of the Case*:

Appellant Devvy Kidd seeks declaratory and injunctive relief challenging the ratification of the Seventeenth Amendment to the United States Constitution.

*Trial Court*:

53rd District Court, Travis County
Hon. Gus J. Strauss, Jr., Judge Presiding

*Course of Proceedings*:

Kidd filed a Request for Writ of Prohibition and Injunction. CR 3-18.[1] Appellee Texas Secretary of State filed an Original Answer, Affirmative Defenses, Motion to Dismiss Under Rule 91a, and in the Alternative, Plea to the Jurisdiction and Special Exceptions. CR 97-113. Kidd filed a response to the Texas Secretary of State's Motion to Dismiss. CR 118-136.

*Trial Court Disposition:*

Following a hearing, the trial court entered an order on December 4, 2014 dismissing Kidd's petition pursuant to Texas Rule of Civil Procedure 91a. CR 137.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee believes that this appeal can be resolved without oral argument. However, Appellee will participate in oral argument should the Court so order.

---

[1] Cites to the Clerk's Record are cited as "CR" by page number stamped onto each page. Cites to this brief's appendix are cited as "App."

## ISSUE PRESENTED

This appeal presents one central issue: Whether the trial court erred in dismissing, pursuant to Texas Rule of Civil Procedure 91a, Appellant's request for declaratory and injunctive relief challenging the ratification of the Seventeenth Amendment to the United States Constitution.

No. 03-14-00805-CV

# In the Court of Appeals for the Third Judicial District Austin, Texas

_____

**Devvy Kidd,**
Appellant,

**v.**

**Carlos Cascos, Texas Secretary of State,**
Appellee.

_____

On Appeal from the 53rd Judicial District Court, Travis County
Trial Court Cause No. D-1-GN-14-003900

_____

**APPELLEE'S BRIEF**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant's lawsuit is founded on the contention that the ratification of the Seventeenth Amendment to the U.S. Constitution—which provides for the direct election of U.S. Senators—was "false, fraudulent and constitutionally inadequate and invalid." CR 16. According to Appellant, any actions taken in connection with electing U.S. Senators by popular vote are therefore "null, void, and illegal." CR 17. Appellant seeks to enjoin the Texas Secretary of State, as the State's chief election officer, from "performing any act related to elections of any Senator pursuant to the terms of this 'non-amendment.'" CR 17.

1

Kidd fails to state any plausible legal claim and thus her petition was properly dismissed under Rule 91a. Upon its ratification in 1913, the Seventeenth Amendment became the "supreme Law of the Land." U.S. CONST. arts. V, VI, cl. 2. Time and time again, federal and state courts—including the U.S. Supreme Court—have applied and interpreted the Seventeenth Amendment without any suggestion that its ratification was improper. Instead, when presented with claims like those asserted by Kidd, courts have done precisely what the trial court did here: reject them as lacking any legal basis.

Accordingly, the Court should affirm the trial court's order.

## STATEMENT OF FACTS

### I.    CONSTITUTIONAL BACKGROUND

The Seventeenth Amendment to the U.S. Constitution provides for the election of U.S. Senators by popular vote. Specifically, the Amendment states:

> The Senate of the United States shall be composed of two Senators from each State, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures.

U.S. CONST. amend. XVII, para. 1 (attached at App. 1).[2] Prior to the Seventeenth Amendment's ratification, U.S. Senators were selected by state legislatures. U.S. CONST.

---

[2] The Seventeenth Amendment also addresses elections of U.S. Senators when a vacancy occurs. *See* U.S. CONST. amend. XVII, para. 2 ("When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: *Provided*, That the legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct.").

2

art. I, § 3, cl. 1, *amended by* U.S. CONST. amend. XVII; *see also* Zachary D. Clopton & Steven E. Art, *The Meaning of the Seventeenth Amendment and a Century of State Defiance*, 107 Nw. U. L. Rev. 1181, 1185 (2013).

The Seventeenth Amendment was adopted by the U.S. Senate on June 12, 1911, *see* 47 Cong. Rec. 1925 (1911), and by the U.S. House of Representatives on May 13, 1912, *see* 48 Cong. Rec. 6367 (1912). The Amendment was subsequently approved by thirty-six of forty-eight states then existing at the time, satisfying the threshold for adoption of constitutional amendments by state legislatures. *See* U.S. CONST. art. V. The thirty-sixth state (Connecticut) adopted the Seventeenth Amendment on April 8, 1913. *See* Kenneth R. Thomas et al., *The Constitution of the United States of America: Analysis and Interpretation*, S. Doc. No. 112-9, at 34 n.9 (2014).

On May 31, 1913, U.S. Secretary of State William Jennings Bryan certified to Congress, pursuant to his statutory duty,[3] that three-quarters of the states had ratified the proposed amendment providing for the direct election of U.S. Senators. Certification of U.S. Secretary of State William Jennings Bryan, May 31, 1913, 38 Stat. 2049, 2049-2050 (attached at App. 3). Secretary of State Bryan's proclamation declared that the Seventeenth Amendment was "valid to all intents and purposes as a part of the

---

[3] *See* Act of April 20, 1818, ch. 80, § 2, Rev. Stat. § 205 (2d ed. 1878) (current version, as amended, at 1 U.S.C. § 106b (2012)) (upon notice provided to the Secretary of State that a constitutional amendment has been adopted, it is the Secretary of State's "duty . . . forthwith to cause the said amendment to be published in the said newspapers authorized to promulgate the laws, with his certificate, specifying the states by which the same may have been adopted, and that the same has become valid, to all intents and purposes, as a part of the constitution of the United States").

Constitution of the United States." *Id.*; Thomas et al., *supra*, at 34 n.9. Since the ratification of the Seventeenth Amendment, states have been required to hold elections so that U.S. Senators can be directly elected by the people. Clopton & Art, *supra*, at 1185.

## II.    PROCEDURAL HISTORY

On September 22, 2014, Kidd filed a Request for Writ of Prohibition and Injunction (the "Original Petition"). CR 3-18.[4] Kidd requested declarations that the Seventeenth Amendment "has not been constitutionally ratified and made a part of" the Constitution and that any actions taken by Appellee relating to senatorial elections "are null, void, and illegal." CR 17. Kidd also sought an injunction barring Appellee from "performing any act" in connection with senatorial elections. CR 17.

Appellee filed an Original Answer, Affirmative Defenses, Motion to Dismiss Under Rule 91a, and in the Alternative, Plea to the Jurisdiction and Special Exceptions on October 31, 2014. CR 97-113. In support of the Rule 91a motion to dismiss, Appellee asserted that Kidd failed to state any plausible legal claim upon which relief could be granted. CR 99-103. On November 14, 2014, Kidd filed a response to Appellee's motion to dismiss. CR 118-136.

The trial court held a hearing on December 4, 2014. CR 116-117, 137. After

---

[4] Kidd's Original Petition named Nandita Berry, in her official capacity as Texas Secretary of State, as defendant. During the pendency of this appeal, Carlos Cascos succeeded Nandita Berry as Texas Secretary of State and was substituted as Appellee. *See* TEX. R. APP. P. 7.2(a).

4

hearing arguments from Kidd and counsel for Appellee, the court granted Appellee's Rule 91a motion and dismissed all of Kidd's claims with prejudice. CR 137. The court did not reach Appellee's plea to the jurisdiction. CR 137.

## SUMMARY OF THE ARGUMENT

Once ratified in 1913, the Seventeenth Amendment was incorporated into the Constitution and became the "supreme Law of the Land." In the hundred years since, the Seventeenth Amendment has been applied by federal and state courts, without any finding—let alone a suggestion—that it was improperly ratified. All the while, when presented with challenges to the Seventeenth Amendment's ratification, courts have repeatedly rejected them as baseless.

Reversing the lower court's judgment would require this Court to cast aside over one hundred years of settled law. This Court—like the court below—should decline that invitation. Kidd cannot allege any set of facts that would entitle her to the relief she seeks. Therefore, her petition was properly dismissed under Rule 91a and the trial court's judgment must be affirmed.

## STANDARD OF REVIEW

Appellate courts review a trial court's ruling on a motion to dismiss de novo. *Go Daddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied). When a party moves under Rule 91a to dismiss claims as lacking any basis in law, the movant must establish that "the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief

sought." TEX. R. CIV. P. 91a.1.[5]  In evaluating a Rule 91a motion, a plaintiff's legal conclusions in its pleading need not be taken as true.  *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822, 826 (Tex. App.—Austin 2014, no pet.).  The court may not consider evidence when ruling on a Rule 91a motion; instead, the ruling must be based only on the pleading of the cause of action and any supporting exhibits.  TEX. R. CIV. P. 91a.6.

Rule 91a is analogous to Federal Rule of Civil Procedure 12(b)(6), which "allows dismissal if a plaintiff fails 'to state a claim upon which relief can be granted.'"  *Toups*, 429 S.W.3d at 754 (quoting FED. R. CIV. P. 12(b)(6)).  Because of these similarities, federal case law interpreting Federal Rule 12(b)(6) provides instructive guidance to courts considering a Rule 91a motion.  *Id.*  A claim must be dismissed under Federal Rule 12(b)(6) if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Moreover, Federal Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law . . . [to] streamline[ ] litigation by dispensing with needless discovery and factfinding."  *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989) (citations omitted).

ARGUMENT

## I.  THE SEVENTEENTH AMENDMENT IS SETTLED LAW.

Appellant alleges that the Seventeenth Amendment was never properly ratified a

---

[5] Rule 91a is attached in its entirety at App. 2.

century ago and thus constitutes "a law that does not exist." CR 4; *see also* Appellant's Br. 29. These claims lack any basis in law and were appropriately rejected by the trial court, just as all other courts have done when faced with similar challenges to the Seventeenth Amendment's validity.

As expressly provided in the U.S. Constitution, once it was ratified by three-quarters of the states in 1913, the Seventeenth Amendment became a part of the Constitution and the "supreme Law of the Land." U.S. CONST. arts. V, VI, cl. 2. In the century since its ratification, the U.S. Supreme Court has considered the Amendment on numerous occasions. In these cases, the Supreme Court has found:

- The Seventeenth Amendment requires that the choice of U.S. Senators "be made 'by the people,'" *Gray v. Sanders*, 372 U.S. 368, 380 (1963).

- The "conception of political equality" in the Seventeenth Amendment and other constitutional provisions "can mean only one thing—one person, one vote," *id.* at 381.

- The Seventeenth Amendment "expan[ds] . . . the right of suffrage." *Reynolds v. Sims*, 377 U.S. 533, 555 n.28 (1964).

- As a result of the Seventeenth Amendment's adoption, "state power over the election of Senators was eliminated." *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 804 n.16 (1995).

- The Seventeenth Amendment applies to primaries in the same manner as general elections. *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 227 (1986).

The Supreme Court has never raised any doubt about the validity of the Seventeenth Amendment's passage or its continuing effect. To the contrary, the Court has

7

emphasized that the Amendment's provision for the popular election of U.S. Senators fits precisely into the structure of the federal electoral system. Most recently, in *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247 (2013), the Court recognized:

> The Constitution prescribes a straightforward rule for the composition of the federal electorate. Article I, § 2, cl. 1, provides that electors in each State for the House of Representatives "shall have the Qualifications requisite for Electors of the most numerous Branch of the State Legislature," and the Seventeenth Amendment adopts the same criterion for senatorial elections.

*Id.* at 2257-2258; *see also Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 554 (1985) ("[C]hanges in the structure of the Federal Government have taken place since 1789, not the least of which has been the substitution of popular election of Senators by the adoption of the Seventeenth Amendment in 1913 . . . .").

At the same time, the Supreme Court has rejected after-the-fact challenges to the procedures under which constitutional amendments were adopted. As to these challenges, the Supreme Court has held that the U.S. Secretary of State's certification that state legislatures have ratified a constitutional amendment—like Secretary of State Bryan's 1913 proclamation confirming that three-quarters of the states had passed the Seventeenth Amendment—"is conclusive upon the courts." *Leser v. Garnett*, 258 U.S. 130, 137 (1922) (challenge to ratification of Nineteenth Amendment).[6]

---

[6] *See also United States v. Stahl*, 792 F.2d 1438, 1439-41 (9th Cir. 1986) (finding that the Secretary of State's certification that three-quarters of the states had ratified the Sixteenth Amendment was conclusive on the courts); *United States v. Thomas*, 788 F.2d 1250, 1253-54 (7th Cir. 1986) (recognizing that challenges to constitutional amendments are reviewed similarly to other legislative documents—that is, "[i]f a legislative document is authenticated in regular form by the appropriate officials, the court treats that document as properly adopted").

Unsurprisingly, lower federal and state courts likewise have applied and interpreted the Seventeenth Amendment since its ratification. *See, e.g.*, *Tullier v. Giordano*, 265 F.2d 1, 3 (5th Cir. 1959) (noting that the Seventeenth Amendment and other constitutional provisions "have considerably extended the scope of federal power to regulate the elective franchise"); *Judge v. Quinn*, 612 F.3d 537, 546-55 (7th Cir.) (considering whether the Seventeenth Amendment required a governor to issue writ of election to fill vacate U.S. Senate seat), *amended on denial of rehearing*, 387 F. App'x 629 (7th Cir. 2010).[7]   None of these cases questioned the validity of the Seventeenth Amendment or suggested that the manner in which it was ratified impacts its continued authority in any way.

## II.   COURTS HAVE REPEATEDLY REJECTED CHALLENGES TO THE VALIDITY OF THE SEVENTEENTH AMENDMENT.

Appellee is aware of no case in which a court has found that the Seventeenth Amendment was improperly ratified.  Just the opposite is true.  When presented with arguments that the Seventeenth Amendment was not properly ratified, courts have consistently dismissed these claims as baseless. *See, e.g.*, *United States v. Carrier*, 944 F.2d 910 (9th Cir. 1991) (rejecting, as frivolous, defendant's argument that the Seventeenth Amendment was invalid because it was proposed by Congress and adopted by state legislatures through quorum votes rather than total membership votes); *United States v.*

---

[7] *See also Adams v. Clinton*, 90 F. Supp. 2d 35 (D.D.C.) (three-judge panel) (Seventeenth Amendment claim in context of challenge to the District of Columbia's exclusion from congressional representation), *aff'd*, 531 U.S. 941 (2000).

9

*Sluk*, No. M-18-304, 1979 WL 1474, at \*2-3 (S.D.N.Y. Oct. 2, 1979) (finding that the Seventeenth Amendment was adopted in accordance with the U.S. Constitution and dismissing claim that the Amendment should have been directly adopted by voters); *Trohimovich v. Dep't of Labor & Indus.*, 869 P.2d 95, 97-98 (Wash. Ct. App. 1994) (rejecting argument that the Seventeenth Amendment was not properly ratified and concluding that the Amendment "is valid and does not render all congressional acts since its passage invalid").[8]

## III.   KIDD'S PETITION WAS PROPERLY DISMISSED UNDER RULE 91A.

In this lawsuit, Appellant alleges that the Seventeenth Amendment was not properly ratified over a hundred years ago—the same underlying premise rejected by every court to reach the issue. *See supra* Part II.  Specifically, Appellant contends that one state (California) did not adopt the Seventeenth Amendment and another state (Wisconsin) enacted a version with different language than the ratified Amendment. Appellant's Br. 27-29; CR 9-13.  In support, Appellant points to certain "historical records"—namely, news accounts and legislative materials—that, according to Appellant, reflect that the ratification of the Seventeenth Amendment was "false." Appellant's Br. 8-9, 27; CR 9-13.

---

[8] *See also Trohimovich v. Comm'r*, 77 T.C. 252, 258-259 (1981) (rejecting argument that the Seventeenth Amendment was improperly ratified); *cf. Anderson v. Cal. Republican Party*, No. C-91-2091 MHP, 1991 WL 472928, at \*3 (N.D. Cal. Nov. 26, 1991) (dismissing "untenable legal conclusion" that the Seventeenth Amendment was unconstitutional; "[t]he amendment, as part of the Constitution, is inherently constitutional"), *aff'd sub nom. Anderson v. Davis*, 977 F.2d 587 (9th Cir. 1992).

This Court need not scrutinize the merits of Kidd's legal arguments—or the "historical records" on which she bases her claims—to affirm the trial court's judgment. Rather, Kidd still would not be entitled to the relief she seeks even if her unfounded allegations are taken as true for the purposes of Rule 91a. *See* TEX. R. CIV. P. 91a.1. That is, even assuming Kidd were correct that the lack of news coverage and paucity of certain hundred-year-old legislative records create some doubt about whether the California Legislature passed the Seventeenth Amendment, or that selective archival materials raise questions about the form in which the Wisconsin Legislature adopted the Seventeenth Amendment, Kidd has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Kidd overlooks that upon its ratification, the Seventeenth Amendment became the "supreme Law of the Land" as a part of the U.S. Constitution and has been settled law for the last century—even in the face of challenges like the one presented here. Kidd offers no basis for the Court to disregard this reality and allow her to press forward with specious claims. As a result, the Court must affirm the trial court's judgment.[9]

---

[9] Because the trial court did not reach Appellee's jurisdictional challenge, this appeal is limited to the Rule 91a dismissal. That said, even if Kidd's petition could somehow survive Appellee's Rule 91a motion (which it cannot), Kidd failed to establish that her claims were subject to the trial court's subject matter jurisdiction. Specifically, Kidd lacks standing to file this suit, her claims present only nonjusticiable political questions, and Appellee's sovereign immunity from suit has not been waived under the circumstances. CR 103-111.

11

## PRAYER

Appellant has not established—and cannot establish—any plausible legal basis entitling her to the requested relief. Accordingly, Appellant's claims were properly dismissed pursuant to Rule 91a. The trial court's order must be affirmed.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and Charitable Trusts
Division

/s/ Adam N. Bitter
**ADAM N. BITTER**
Texas Bar No. 24085070
Assistant Attorney General
Financial Litigation, Tax, and Charitable Trusts
Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-2422
(512) 477-2348 FAX
*adam.bitter@texasattorneygeneral.gov*
*ATTORNEYS FOR APPELLEE*

12

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this brief contains 2,879 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

_/s/ Adam N. Bitter_
**ADAM N. BITTER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via Certified Mail, Return Receipt Requested on July 29, 2015 to:

Devvy Kidd
P.O. Box 1102
Big Spring, Texas 79721
_Appellant, Pro Se_

_/s/ Adam N. Bitter_
**ADAM N. BITTER**

No. 03-14-00805-CV

# In the Court of Appeals
# for the Third Judicial District
# Austin, Texas

_____

**Devvy Kidd,**
Appellant,

**v.**

**Carlos Cascos, Texas Secretary of State,**
Appellee.

_____

On Appeal from the 53rd Judicial District Court, Travis County
Trial Court Cause No. D-1-GN-14-003900

_____

## APPELLEE'S APPENDIX
_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

ROBERT O'KEEFE
Division Chief

Financial Litigation, Tax, and Charitable
Trusts Division

ADAM N. BITTER
Assistant Attorney General
Texas Bar No. 24085070

OFFICE OF THE
ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Phone (512) 936-2422
Fax (512) 477-2348

_adam.bitter@texasattorneygeneral.gov_
ATTORNEYS FOR APPELLEE

**APPELLEE'S APPENDIX**

**Tab 1** – U.S. CONST. amend. XVII

**Tab 2** – TEX. R. CIV. P. 91a

**Tab 3** – Certification of U.S. Secretary of State William Jennings Bryan, May 31, 1913, 38 Stat. 2049

# TAB 1



United States Code Annotated Currentness
  Constitution of the United States
    ↖▤ Annotated
      ↖▤ Amendment XVII. Popular Election of Senators
        ➡➡ **Amendment XVII. Popular Election of Senators**

The Senate of the United States shall be composed of two Senators from each State, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures.

When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: *Provided,* That the legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct.

This amendment shall not be so construed as to affect the election or term of any Senator chosen before it becomes valid as part of the Constitution.

Current through P.L. 114-25 (excluding P.L. 114-18) approved 6-15-2015

Westlaw. (C) 2015 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

# TAB 2



Vernon's Texas Rules Annotated Currentness
   Texas Rules of Civil Procedure
      Part II. Rules of Practice in District and County Courts
         ⤷▤ Section 4. Pleading
            ⤷▤ C. Pleadings of Defendant
               ➡➡ **Rule 91a. Dismissal of Baseless Causes of Action**

**91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

**91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

**91a.3 Time for Motion and Ruling.** A motion to dismiss must be:

(a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant;

(b) filed at least 21 days before the motion is heard; and

(c) granted or denied within 45 days after the motion is filed.

**91a.4 Time for Response.** Any response to the motion must be filed no later than 7 days before the date of the hearing.

**91a.5 Effect of Nonsuit or Amendment; Withdrawal of Motion.**

(a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

(b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

(c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

(d) An amended motion filed in accordance with (b) restarts the time periods in this rule.

**91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

**91a.7 Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

**91a.8 Effect on Venue and Personal Jurisdiction.** This rule is not an exception to the pleading requirements of Rules 86 and 120a, but a party does not, by filing a motion to dismiss pursuant to this rule or obtaining a ruling on it, waive a special appearance or a motion to transfer venue. By filing a motion to dismiss, a party submits to the court's jurisdiction only in proceedings on the motion and is bound by the court's ruling, including an award of attorney fees and costs against the party.

**91a.9 Dismissal Procedure Cumulative.** This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.

CREDIT(S)

Adopted by order of Feb. 12, 2013, eff. March 1, 2013.

Current with amendments received through 6/1/2015

(C) 2015 Thomson Reuters

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

# TAB 3

# THE

# STATUTES AT LARGE

OF THE

## UNITED STATES OF AMERICA

FROM

MARCH, 1913, TO MARCH, 1915,

CONCURRENT RESOLUTIONS OF THE TWO HOUSES OF CONGRESS,

AND

RECENT TREATIES, CONVENTIONS, AND EXECUTIVE
PROCLAMATIONS

---

EDITED, PRINTED, AND PUBLISHED BY AUTHORITY OF CONGRESS
UNDER THE DIRECTION OF THE SECRETARY OF STATE

---

## VOL. XXXVIII

IN TWO PARTS

PART 1—Public Acts and Resolutions
PART 2—Private Acts and Resolutions, Concurrent Resolutions,
Treaties, and Proclamations

---

## PART 1

---

WASHINGTON
1915

WILLIAM JENNINGS BRYAN,

## SECRETARY OF STATE OF THE UNITED STATES OF AMERICA.

May 31, 1913.

To all to Whom these Presents may come, Greeting:

Know Ye that, the Congress of the United States at the second session, sixty-second Congress, in the year one thousand nine hundred and twelve, passed a Resolution in the words and figures following: to-wit—

### "JOINT RESOLUTION

Proposing an amendment to the Constitution providing that Senators shall be elected by the people of the several States.

Resolved by the Senate and House of Representatives of the United States of America in Congress assembled (two-thirds of each House concurring therein), That in lieu of the first paragraph of section three of Article I of the Constitution of the United States, and in lieu of so much of paragraph two of the same section as relates to the filling of vacancies, the following be proposed as an amendment to the Constitution, which shall be valid to all intents and purposes as part of the Constitution when ratified by the legislatures of three-fourths of the States: *(Seventeenth Amendment to the Constitution. Preamble. Vol. 37, p. 646.)*

'The Senate of the United States shall be composed of two Senators from each State, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures. *(Senators to be elected by the people.)*

'When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: Provided, That the legislature of any State may empower the executive thereof to make temporary appointment until the people fill the vacancies by election as the legislature may direct. *(Filling of vacancies.)*

'This amendment shall not be so construed as to affect the election or term of any Senator chosen before it becomes valid as part of the Constitution.'" *(Existing terms not affected.)*

And, further, that it appears from official documents on file in this Department that the Amendment to the Constitution of the United States proposed as aforesaid has been ratified by the Legislatures of the States of Massachusetts, Arizona, Minnesota, New York, Kansas, Oregon, North Carolina, California, Michigan, Idaho, West Virginia, Nebraska, Iowa, Montana, Texas, Washington, Wyoming, Colorado, Illinois, North Dakota, Nevada, Vermont, Maine, New Hampshire, Oklahoma, Ohio, South Dakota, Indiana, Missouri, New Mexico, New Jersey, Tennessee, Arkansas, Connecticut, Pennsylvania, and Wisconsin. *(States ratifying proposed amendment.)*

2049

Declaration.

And, further, that the States whose Legislatures have so ratified the said proposed amendment, constitute three-fourths of the whole number of states in the United States.

Certificate of adoption as part of Constitution.
R. S., sec. 205, p. 33.

Now, therefore, be it known that I, William Jennings Bryan, Secretary of State of the United States, by virtue and in pursuance of Section 205 of the Revised Statutes of the United States, do hereby certify that the Amendment aforesaid has become valid to all intents and purposes as a part of the Constitution of the United States.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the seal of the Department of State to be affixed.

Done at the city of Washington this thirty first day of May in the year of our Lord one thousand nine hundred and [SEAL.] thirteen, and of the Independence of the United States of America the one hundred and thirty-seventh.

WILLIAM JENNINGS BRYAN